United States District Court
Southern District of Texas

**ENTERED**

March 09, 2020

David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MARK A. LEPPARD, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-CV-4337 |
| | § | |
| STEVEN R. LEPPARD AND | § | |
| JOHN A. LEPPARD, | § | |
| *Defendants*. | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

Plaintiff Mark A. Leppard filed his Original Complaint pro se and was granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. *See* Civil Action No. 4:19-mc-3073. The District Court referred the case to this Magistrate Judge for pre-trial management (Dkt. 6). This matter is before the Court on Defendant's Motion to Dismiss filed January 17, 2020 (Dkt. 10) and Supplemental Motion to Dismiss filed February 6, 2020 (Dkt. 11). Plaintiff has not filed a timely response.[1] *See* Loc. R. S.D. Tex. 7.3, 7.4.[2] The Court recommends Defendant's Motion to Dismiss be GRANTED and this case be DISMISSED in its entirety with prejudice.[3]

---

[1] Plaintiff filed "video evidence" on February 7, 2020. Dkt. 12. The Court will not consider this type of evidence in the context of a motion under Federal Rule of Civil Procedure 12(b)(6). When considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto, documents attached to the motion to dismiss that are referenced in and central to Plaintiff's claims, and matters of public record. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011). Plaintiff filed a "Points and Authorities Memorandum" on March 5, 2020, after the time for responding expired. Dkt. 13. Nonetheless, the Court has considered the filing but it provides no basis for denial of the Motions to Dismiss.

[2] Under Local Rules for the Southern District of Texas, the Court may construe Plaintiff's failure to respond as an indication the motion is unopposed. LOC. R. S.D. TEX. 7.4. While it is not appropriate to grant a motion to dismiss with prejudice based solely on the lack of response, *Lopez v. VHS San Antonio Partners, LLC*, Civil Action No. 17-CA-151, 2017 WL 10841974, at *1 n.1 (Dec. 19, 2017), Plaintiff has presented no facts that plausibly state a claim for relief and the Court concludes amendment would be futile. *Vanskiver v. City of Seabrook, Texas*, Civil Action No. H-17-3365, 2018 WL 560231, at *7 (S.D. Tex. Jan. 24, 2018).

[3] Defendant Steven R. Leppard has not filed a motion to dismiss. It is unclear whether Steven R. Leppard has been properly served. Dkt. 9 (return of service indicating that summons was left with John A. Leppard, Steven's father). In any event, the court possesses the inherent authority to dismiss an action *sua sponte*, without motion by a

### A.  Failure to State a Claim

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).  In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Plaintiff filed an Original Complaint in this case purportedly under 42 U.S.C. § 1983.  Dkt. 1.  He "claims that he was injured as a result of the 506th District Court not granting [him] his due process of enforcing a close corporation provision of an enforceable shareholders agreement." *Id.*  The Original Complaint names only Steven R. Leppard and John A. Leppard as defendants. *Id.*  Attached to the Original Complaint are various documents from Plaintiff's prior state court lawsuit and corporate documents from the referenced closed corporation, Aire Technics, Inc.  Plaintiff also filed a "Petition for Declaratory Judgment," asserting that Defendants "violated the contracts that

---

defendant. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962)); *See Gaffney v. State Farm Fire and Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (recognizing inherent authority to dismiss sua sponte for failure to state a claim as long as the procedure employed is fair); *Associated Recovery v. Does 1-44*, No. 3:16-CV-1025-L, 2018 WL 1517863, at *17 (N.D. Tex. Mar. 28, 2018), *aff'd sub nom. Associated Recovery L.L.C. v. Does 1- 44*, 769 F. App'x 160 (5th Cir. 2019) ("As the grounds included in the motions to dismiss form the basis for the court's *sua sponte* determination that dismissal of the same claims by Plaintiff against the remaining Defendants is appropriate under Rule 12(b)(6) . . .."); *Starrett v. U.S. Dep't of Def.*, No. 3:19-CV-2579-C-BT, 2019 WL 6330574, at *1 (N.D. Tex. Nov. 18, 2019), *report and recommendation adopted*, No. 3:19-CV-2579-C-BT, 2019 WL 6330173 (N.D. Tex. Nov. 26, 2019) ("[e]ven if a district court fails to provide notice to the plaintiff prior to dismissal," the Fifth Circuit "will affirm if the plaintiff has alleged his 'best case' and the dismissal was otherwise proper.").

they had with Mark A Leppard" and that he "[t]ried to go the State District Court to get resolved, and was denied due process of a Declaratory Judgement."  Dkt. 5.

Section 1983 provides a federal remedy for the deprivation of rights secured by the Constitution and laws of the United States when the deprivation takes place "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory...." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982).  Steven R. Leppard and John A. Leppard, are the only Defendants named in the Original Complaint and the only Defendants for whom Plaintiff sought a summons.  John and Steven Leppard are private citizens, not state actors.  The Original Complaint contains no allegations of "state action" required to state a claim under § 1983.  Therefore, Plaintiff cannot state claim for relief under 28 U.S.C. § 1983 and his case should be dismissed.

In addition, the Original Complaint demonstrates that Plaintiff's claim is barred by the applicable statute of limitations.  Plaintiff's § 1983 claim is governed by the two-year statute of limitations for personal injury actions in Texas.  *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 759–60 (5th Cir. 2015) ("Texas's two-year statute of limitations for personal injury actions applies to § 1983 claims filed in the state.").  The state court entered a final judgment on October 12, 2017 on Plaintiff's state court claims against the same Defendants based on the same underlying conduct.  Plaintiff filed this case more than two years later, on October 30, 2019.[4] Therefore, under a liberal construction of the pro se Plaintiff's Original Complaint, all the conduct about which he complains took place more than two years before filing of this case in federal court and his § 1983 claim is barred by the statute of limitations.

---

[4] Plaintiff's application to proceed in forma pauperis was filed October 16, 2019.

Because Plaintiff is proceeding in this case in forma pauperis, his case is also subject to dismissal because it "lacks arguable basis either in law or in fact" and "there is no realistic chance of ultimate success." *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989) (affirming dismissal of case as frivolous under 28 U.S.C. § 1915(e)(2)); *Berry v. Hudgins*, No. 3-11-CV-0085-G-BD, 2011 WL 334816, at *1 (N.D. Tex. Jan. 14, 2011) ("A district court may dismiss a complaint filed *in forma pauperis* if it concludes that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i)."), *report and recommendation adopted sub nom. Berry v. Hudgin,* No. 3:11-CV-0085-G BD, 2011 WL 335313 (N.D. Tex. Jan. 31, 2011).

The deficiencies in Plaintiff's Complaint cannot be cured by amendment. *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) ("a district court may refuse leave to amend if the filing of the amended complaint would be futile, i.e., if the complaint as amended would be subject to dismissal."). Any attempt to reassert his state law claims in this Court would be futile because such claims are barred by res judicata. *Hogue v. Royse City, Tex.*, 939 F.2d 1249, 1252 (5th Cir. 1991) ("Under Texas law, an existing final judgment rendered upon the merits by a court of competent jurisdiction is conclusive of the rights of the parties in all other actions on the points at issue and adjudicated in the first suit."). Amendment to add state law claims would also be futile because diversity of citizenship jurisdiction does not exist in this case, and having dismissed the only federal claim, the District Court may decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3).

**B. Appointment of Counsel**

Plaintiff has requested appointment of counsel. Dkt. 13. "[T]he appointment of counsel in a civil case is a privilege and not a constitutional right." *Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 F. App'x 329, 333 (5th Cir. 2013). When a plaintiff has been granted leave to proceed in

forma pauperis in a § 1983, the court has discretion to appoint counsel in "exceptional circumstances." There is no "comprehensive definition of exceptional circumstances." *Branch v. Cole*, 686 F.2d 264, 266 (1982). Factors to consider in this analysis are (1) the type and complexity of the case; (2) whether plaintiff is capable of adequately presenting his case; (3) whether plaintiff is in a position to investigate adequately the case; and (4) whether the evidence will consist largely of conflicting testimony so to require skill in the presentation of evidence and cross examination. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982); *Gonzalez v. Carlin*. 907 F.2d 573, 579-80 (5th Cir. 1990). However, the existence of "exceptional circumstances" requires first that Plaintiff state a plausible claim for relief. *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) ("an indigent plaintiff is ineligible for appointment of counsel unless the district court determines that his claims meet a threshold level of plausibility."); *see also Securities and Exchange Comm'n v. Stanford Int'l Bank, Ltd.*, Civil Action No. 3:09-cv-0298, 2018 WL 3738941, at *1 (N.D. Tex. May 10, 2018) (citing *Naranjo*, 809 F.3d at 799); *Washington v.* Davis, Civil Action NO. 4:18-cv-1951, 2019 WL 1330289, at *2 n.1 (S.D. Tex. Mar. 25, 2019) ("The possibility of such an appointment arises only when an indigent plaintiff has colorable claims that will not receive a meaningful hearing without counsel," quoting *Naranjo*, 809 F.3d at 803).

Given that the Court has already ruled that Plaintiff's claim has no arguable basis in law of fact, no exceptional circumstances weigh in favor of appointment of counsel in this case. *Naranjo*, 809 F.3d at 799. Weighing the *Ulmer* factors, the Court finds the requirement for state action in a § 1983 is not novel or complex, Plaintiff has no need to further investigate the case, and Plaintiff has no need to admit evidence or present testimony at trial. Therefore, Plaintiff's request for appointment of counsel is denied.

For the reasons discussed above, the Court RECOMMENDS that Defendant's motions (Dkt. 10, 11) be GRANTED and this case be DISMISSED with prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on March 09, 2020, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge